CEDRIC R. GAY,

    Petitioner,

v.                             CIVIL ACTION NO.: CV208-159

DEBORAH HICKEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Cedric R. Gay, ("Petitioner") who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response. Petitioner filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 2003, Petitioner pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). United States v. Gay, No. 08-12627, 2008 WL 5422648, at *1 (11th Cir. Dec. 31, 2008). The District Court for the Middle District of Florida imposed concurrent sentences of fifty-seven months' imprisonment and three years' supervised release. Id. Petitioner's probation officer filed a petition to revoke Petitioner's supervised release during its term because Petitioner had been

arrested and charged with aggravated battery and false imprisonment. Id. The District Court for the Middle District of Florida found by a preponderance of the evidence that Petitioner had violated the terms of his supervised release by committing these two crimes. Id. The district court revoked Petitioner's supervised release and sentenced him to eighteen months' imprisonment and eighteen months' supervised release. Id. The Court of Appeals for the Eleventh Circuit affirmed the revocation and sentence. Id. Petitioner was released from prison on August 14, 2009, and is currently under supervised release.

In the instant petition, Petitioner asserts that the federal supervised release revocation violates his Fifth Amendment due process rights because the District Court for the Middle District of Florida terminated his supervised release using a preponderance of the evidence standard and because the battery and false imprisonment charges brought against him by the state were dropped. Petitioner does not explain why he believes that § 2241 is an appropriate vehicle for raising his claim. Respondent contends that § 2241 is not the appropriate procedural mechanism for Petitioner to raise his claim, and therefore, it should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the

court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis added). To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Petitioner has standing to assert his claim because he is under supervised release and is therefore subject to restraints that are not shared by the public at large. (An individual who is "subject to restraints 'not shared by the public generally'" satisfies the requirement that a petitioner be in custody to have standing to bring a petition for habeas corpus. Hensley v. Municipal Ct., 411 U.S. 345, 351 (1973) (quoting Jones v. Cunningham, 371 U.S. 236, 243 (1963)).) Petitioner has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, and did not apply for relief, by motion, to the District Court for the Middle District of Florida—the court which sentenced him. Therefore, Petitioner bears the burden of presenting evidence that shows why a § 2255 remedy would be inadequate or ineffective. Petitioner fails to meet his burden. In his Traverse, the only Supreme Court decision Petitioner references is

3

U.S. v. Booker. 543 U.S. 220 (2005). Petitioner interprets Booker as holding that "the district judge cannot base its facts on a preponderance of evidence for the deposition [sic] of a state case that was charged." (Doc. 11, p. 1).

Petitioner's reliance on Booker is misplaced and fails to satisfy the requirements of the savings clause. Booker's actual holding is that a jury is required to decide, beyond a reasonable doubt, any fact that increases the sentence of a defendant in a federal criminal case over the high end of the range provided by the Federal Sentencing guidelines. Its holding does not establish that Petitioner "was convicted for a nonexistent offense." Wofford, 177 F.3d at 1244. In fact, a district court can "revoke a term of supervised release, and require the defendant to serve in prison all or part of supervised release authorized by statute . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C § 3583(e)(3). Since Petitioner's claim concerned the revocation of a supervised release term and not the increase of a sentence beyond the range provided by the federal sentencing guidelines, Booker is inapplicable.

Petitioner has failed to establish that his habeas corpus claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted for a nonexistent offense; therefore he has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Petitioner cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d

AO 72A
(Rev. 8/82)

4

1049, 1061 (11th Cir. 2003). Petitioner is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." <u>Wofford</u>, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE